Tanya L. Greene (Cal. Bar No. 267975)
   tgreene@mcguirewoods.com
Nicholas J. Hoffman (Cal. Bar No. 284472)
   nhoffman@mcguirewoods.com
McGUIREWOODS LLP
355 South Grand Avenue, Suite 4200
Los Angeles, CA  90071-3103
Telephone: (213) 627-2268
Facsimile: (213) 627-2579

Lucy Jewett Wheatley (admitted *Pro Hac Vice*)
   lwheatley@mcguirewoods.com
Claire Hagan Eller (admitted *Pro Hac Vice*)
   celler@mcguirewoods.com
McGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-4320
Facsimile: (804) 698-2017

Attorneys for Plaintiffs Vans, Inc. and VF Outdoor, LLC

*[Additional Attorneys on Next Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| VANS, INC.; and VF OUTDOOR, LLC, | Case No. 8:21-cv-01876-DOC-KES |
| Plaintiffs, | Trial Court: Hon. David O. Carter<br>Magistrate Judge:  Hon. Karen E. Scott |
| vs. | |
| WALMART, INC.; THE DOLL MAKER, LLC; and TRENDY TRADING, LLC, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
LAWRENCE Y. ISER (SBN 094611)
  liser@kwikhlaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikhlaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

AMSTER, ROTHSTEIN & EBENSTEIN LLP
ANTHONY F. LO CICERO (pro hac vice)
  alocicero@arelaw.com
MARC J. JASON (pro hac vice)
  mjason@arelaw.com
90 Park Avenue
New York, NY 10016
Telephone: 212.336.8000
Facsimile: 212.336.8001

Attorneys for Defendant Walmart, Inc.

Audrey L. Khoo (SBN 254007)
  akhoo@changcote.com
Phillip C. Sellio Jr. (SBN 337277)
  pselio@changcote.com
CHANG & COTÉ, LLP
17700 Castleton St., Suite 238
City of Industry, CA 91748
Telephone: (626) 854-2112
Facsimile: (626) 854-2120

Attorneys for Defendants The Doll Maker, LLC and Trendy Trading, LLC

STIPULATED PROTECTIVE ORDER

Plaintiffs Vans, Inc. and VF Outdoor, LLC ("Plaintiffs" or "Vans"), Defendants Walmart Inc. ("Walmart"), The Doll Maker, LLC ("Doll Maker") and Trendy Trading LLC ("Trendy Trading") (collectively the "Parties", or individually a "Party"), by and through their respective attorneys of record, hereby stipulate to the following Protective Order:

## I.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or

STIPULATED PROTECTIVE ORDER

commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.   DEFINITIONS

3.1   Action:  This pending federal lawsuit.

3.2.   Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

3.3   "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.   "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items: Information that contains or discloses information that the Designating Party, in good faith, believes to be extremely commercially sensitive or would provide a competitive advantage to competitors or compromise or jeopardize the Designating Party's business interests if disclosed, including, but not limited to,

information containing corporate trade secrets, nonpublic research, cost data, pricing formulas, inventory management programs, and other financial, sales or business information not known to the public; information obtained from a Non-Party pursuant to a non-disclosure agreement; and customer-related data to be subject to federal, state or foreign data protection laws or other privacy obligations.

3.5   Counsel:  Outside Counsel of Record (as well as their support staff).

3.6   Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY".

3.7   Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

3.8   Expert:  A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.9   House Counsel:  Attorneys and legal department staff members who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10   Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a party to this Action.

3.11   Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

3.12  <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.13  <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.14  <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15  <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

3.16  <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.  <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## V.  <u>DURATION</u>

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.   DESIGNATING PROTECTED MATERIAL

6.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2   <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

STIPULATED PROTECTIVE ORDER

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "CONFIDENTIAL Legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). In the event a file is produced in native format (such as an Excel file), the legend may be placed in the title of the document.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL Legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. Failure of counsel to designate testimony or exhibits at a deposition, however, shall not waive the protected status of the testimony or exhibits. Counsel may designate specific testimony or exhibits as

STIPULATED PROTECTIVE ORDER

Protected Material within fifteen (15) calendar days after receiving the transcript of the deposition or fifteen (15) calendar days after the date on which this Order becomes effective, whichever occurs later. Counsel may agree on the record during the deposition that the testimony shall be considered and treated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" during the pendency of this fifteen (15) calendar day period should this be necessary. If counsel for the deponent or Party fails to designate the transcript or exhibits as Protected Material within the above-described fifteen-day period, any Party shall be entitled to treat the transcript or exhibits as non-Protected Material. For purposes of this Paragraph, this Order shall be deemed effective on the date this stipulation is filed with the Court. When material disclosed during a deposition is designated as Protected Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript with the appropriate designation, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Protected Material without obtaining written consent from the Party who designated the material as Protected Material. For convenience, if a deposition transcript or exhibit contains repeated references to Protected Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Protected Material.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate CONFIDENTIAL Legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

-9-

STIPULATED PROTECTIVE ORDER

6.3     Inadvertent Failure to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order, the Local Rules, and, as necessary, all relevant authority governing *ex parte* motion practice.

7.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq., or follow the procedure for informal, telephonic discovery hearings on the Court's website, except as required under the circumstances and in good faith application of all relevant authority governing *ex parte* motion practice.

7.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER

# VIII. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1    <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    The Receiving Party's House Counsel;

(c)    The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(e)    The Court and its personnel;

(f)    Court reporters and their staff;

STIPULATED PROTECTIVE ORDER

(g)   Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(h)   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)   Any person who is determined to have been an author and/or previous recipient of the information designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the information; and

(j)   Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Notwithstanding the foregoing, disclosure of any information or item of the Producing Party designated "CONFIDENTIAL" to an employee of the Producing Party at a deposition of such employee shall not be limited.

8.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

(a)   The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)   The Court and its personnel;

-12-

STIPULATED PROTECTIVE ORDER

(d)    Court reporters and their staff;

(e)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)    Any person who is determined to have been an author and/or previous recipient of the information designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the information; and

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Notwithstanding the foregoing, disclosure of any information or item of the Producing Party designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to an employee of the Producing Party at a deposition of such employee shall not be limited.

## IX.    PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material of a Producing Party, the Receiving Party must:

(a)    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

STIPULATED PROTECTIVE ORDER

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Protected Material of the Designating Party before a determination by the Court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XI.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection (a "Clawback Request"), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), including immediately sequestering the document and not reviewing or using that document, or any work product containing information taken from that document, for any purpose.  The Parties

-14-

shall meet and confer regarding any Clawback Request.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Order submitted to the Court.

## XII.  **MISCELLANEOUS**

12.1  <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3  <u>Filing Protected Material.</u>  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIII.     **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

-15-
STIPULATED PROTECTIVE ORDER

Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day (60-day) deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

## XIV.       <u>VIOLATIONS OF THIS ORDER</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**:


DATED: March 22, 2022           MCGUIREWOODS LLP


                                By:  */s/ Tanya L. Greene*
                                     _____
                                     Tanya L. Greene
                                     Lucy Jewett Wheatley
                                     Nicholas J. Hoffman
                                     Claire Hagan Eller

                                     Attorneys for Plaintiffs Vans, Inc.
                                     and VF Outdoor, LLC

1    DATED: March 22, 2022          KINSELLA WEITZMAN ISER KUMP &
                                     ALDISERT LLP
2

3

4                                    By: */s/ Lawrence Y. Iser*
                                     _____
5                                         Lawrence Y. Iser
                                          Gregory P. Korn
6
                                          Attorneys for Defendant Walmart, Inc.
7

8

9    DATED: March 22, 2022          CHANG & COTÉ, LLP

10

11                                   By: */s/ Audrey L. Khoo*
                                     _____
12                                        Audrey L. Khoo
                                          Phillip C. Sellio Jr.
13
                                          Attorneys for Defendants The Doll Maker,
14                                        LLC and Trendy Trading, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-
STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issue by

the United States District Court for the Central District of California on

_____[DATE] in the case of _____[insert

formal name of the case and the number and initials assigned to it by the Court].  I

agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

-18-

STIPULATED PROTECTIVE ORDER

1

**<u>ATTESTATION OF SIGNATURE</u>**

As required by Local Rule 5-4.3.4(a)(2)(i), I, the undersigned, hereby attest that each signatory has concurred in the filing of this document and has authorized the filing with his or her signature block.

*/s/ Tanya L. Greene*
Tanya L. Greene

STIPULATED PROTECTIVE ORDER

1

## <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on **March 22, 2022**, I electronically transmitted the

3  foregoing document to the Clerk's Office using the CM/ECF System for filing and

4  service via transmittal of a Notice of Electronic Filing.

5       I declare under penalty of perjury under the laws of the United States of America

6  that the foregoing is true and correct.

7       Executed on **March 22, 2022**, at Los Angeles, California.

8

9                                              */s/ Tanya L. Greene*

10                                             Tanya L. Greene

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER