Tanya L. Greene (Cal. Bar No. 267975)
tgreene@mcguirewoods.com
Nicholas J. Hoffman (Cal. Bar No. 284472)
nhoffman@mcguirewoods.com
McGUIREWOODS LLP
355 South Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 627-2268

Lucy Jewett Wheatley (admitted *Pro Hac Vice*)
lwheatley@mcguirewoods.com
Claire Hagan Eller (admitted *Pro Hac Vice*)
celler@mcguirewoods.com
McGUIREWOODS LLP
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-4320

Attorneys for Plaintiffs Vans, Inc. and VF Outdoor, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANS, INC.; and VF OUTDOOR, LLC,<br><br>             Plaintiffs,<br><br>      vs.<br><br>WALMART, INC.; THE DOLL MAKER, LLC; TRENDY TRADING, LLC; and ACI INTERNATIONAL,<br><br>             Defendants. | Case No. 8:21-cv-01876-DOC-KES<br>Hon David O. Carter<br><br>**PLAINTIFFS VANS, INC. and VF OUTDOOR, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT WALMART, INC.'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING DISCOVERY RELATING TO SALES IN CANADA**<br><br>Date:    August 8, 2023<br>Time:   10:00 a.m.<br>Courtroom: 6D<br><br>Complaint Filed:    11/15/2021<br>FAC Filed:          11/08/2022<br>Trial:              11/06/2023 |

## I.     INTRODUCTION

After months of ignoring orders from the Court and refusing to provide discovery explaining how its wholly owned subsidiary came to sell the infringing shoes Walmart, Inc. ("Walmart") designed with its co-Defendant ACI International ("ACI"), Walmart now seeks reconsideration of a discovery order based on the Supreme Court's new decision overturning a final judgment.  However, while the Supreme Court's decision in *Abitron Austria GMBH et al. v. Hetronic Int'l, Inc.* limits and clarifies the test for extraterritorial application of the Lanham Act, it does not preclude discovery into the facts and information necessary to apply that test. Under *Abitron*, discovery is necessary to determine whether the infringing use in commerce was wholly extraterritorial, or whether essential steps of the infringing use in commerce occurred domestically.  This is plainly the cases where, as here, the evidence indicates that the first sale of the infringing goods occurred domestically (in a transaction between ACI and Walmart), the sales at issue appear to be part of a common scheme controlled by a US company, and the Canadian sales are allegedly diverted sales from the United States.

Walmart also cannot avoid complying with the Court's prior order because the Supreme Court's decision did not overturn *Timberlane Lumber Co. v. Bank of Am., N.T. and S.A.*, and even if it did, *Timberlane* was not the Court's sole basis for ordering discovery into Walmart Canada's infringing sales.

Both *Reebok Intern. Ltd. v. Marnatech Enterprises, Inc*., 970 F.2d 552, 23 U.S.P.Q.2d 1377 (9th Cir. 1992) and *Wal-Mart Stores, Inc. v. Case-Mate, Inc*., 2017 WL 382243, at *4 (W.D. Ark. Jan. 25, 2017) remain good law, and were cited by Vans in its motion to compel for the proposition that the Lanham Act may be applied when a U.S. company orchestrates a scheme to infringe upon the U.S. trademark rights of another U.S. company. The Court found during the hearing that the evidence presented by Vans supported that such a scheme may have existed.  (Dkt. 180, at 46:12–15). The

PLAINTIFFS' OPPOSITION TO WALMART'S MOTION SEEKING RECONSIDERATION OF ORDER

Supreme Court also specifically did not overturn *Steele v. Bulova Watch Co.*, 344 U.S. 280, 288 (1952), where a defendant "by his 'own deliberate acts, here and elsewhere, brought about forbidden results within the United States.'" *Abitron*, slip op. at 8. Therefore, there is further basis beyond just *Timberlane* for permitting discovery into the sales of infringing shoes sold by Walmart Canada.

In addition, Walmart concedes that Walmart Canada purchased the infringing shoes from ACI, a U.S. company. These sales in the United States constitute bona fide use of the Vans marks in the ordinary course of trade that occurred within the United States. Even under the argument that *Abitron* can be used to preclude any discovery into foreign sales, there is still no basis for denying discovery here, given that Vans alleges that the initial infringing sale occurred in the United States.

Finally, the scope of permissible discovery is broad, and encompasses all documents related to Walmart and ACI's overarching scheme (originating in the United States) to infringe Vans' trademark and trade dress rights. Vans is entitled to discovery into communications about, the amount of, and the circumstances of the sales that occurred downstream from the American sales, as they bear on damages in this case.

Walmart's motion for reconsideration based on a change of law is improper, fails to present a basis for reconsidering the Court's Order, and should be denied.

## II.    STATEMENT OF LAW

Under the local rules, "[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a *material* difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new *material* facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18 (emphasis

1   added).   When a change in law would not necessarily have had an impact on the

2   Court's ruling, a motion for reconsideration is improper, and the motion should be

3   denied.  *See M2 Software, Inc., v. Madacy Ent.,* , 421 F.3d 1073, 1086 (9th Cir. 2005)

4   (upholding a district court's denial of a motion for reconsideration where the original

5   order was based on more than just the case law that had been recently reversed); *IV*

6   *Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, No. CV 13-9026-GW(AJWX), 2016 WL

7   7888011, at \*4 (C.D. Cal. Dec. 5, 2016) (denying a motion for reconsideration where

8   the new law presented "would not necessarily have had an impact" on the court's

9   original order).

## III.   ARGUMENT

11          Walmart's motion for reconsideration fails for the simple fact that *Abitron* does

12   not present a material change in law as applied to the Court's Order because it did not

13   limit the scope of discovery and does not create a *per se* rule that sales in a foreign

14   country can never be actionable in the United States.   That *Abitron* did not create a

15   bright line rule is clear because it expressly did not overturn *Steele v. Bulova Watch*,

16   344 U.S. 280 (1952) in which the defendant produced and sold watches stamped with

17   a trademark that was protected in the United States, with the challenged sales

18   occurring in both Mexico and the United States.   There the court held that the suit

19   could reach the sales in Mexico, because the defendant committed "essential steps" in

20   the course of his infringing conduct in the United States and that his conduct was likely

21   to and did cause consumer confusion in the United States.   *Steele*, 344 U.S. at 287.

22   These facts directly parallel the allegations in this case, in which Vans alleges both

23   that essential steps in the sale of the infringing shoes in Canada *and* some of the

24   infringing "use in commerce" including the infringing sale from ACI to Walmart, took

25   place in the United States.   Moreover, unlike in *Abitron*, these sales do not benefit a

26   foreign entity.   While Walmart has sought to distinguish itself from Walmart Canada,

27   Walmart Canada is a wholly owned subsidiary of Walmart, Inc., and Walmart, Inc.

28

PLAINTIFFS' OPPOSITION TO WALMART'S MOTION SEEKING RECONSIDERATION
OF ORDER

claims the revenue from Walmart Canada's sales in its annual earnings reports.  (Dkt. 103, at 102–03).  At a minimum, Vans is permitted discovery on these allegations that Walmart's Canadian sales fall within the scope of the Lanham Act.

Walmart's motion for reconsideration further fails because *Timberlane* was not the sole basis for the Court's Order.  Vans cited several cases in its motion to compel that supported possible bases for Vans' claim to relief, including *Reebok Intern. Ltd. v. Marnatech Enterprises, Inc*., 970 F.2d 552, 23 U.S.P.Q.2d 1377 (9th Cir. 1992), *Wal-Mart Stores, Inc. v. Case-Mate, Inc*., 2017 WL 382243, at *4 (W.D. Ark. Jan. 25, 2017), and *Wells Fargo & Co. v. Wells Fargo Exp. Co*., 556 F.2d 406, 194 U.S.P.Q. 10, 24–29 (9th Cir. 1977).  Similar to *Steele*, which *Abitron* specifically did not overturn, these cases all relate to the application of the Lanham Act when domestic and foreign activities are involved in the overall infringement scheme.  The Court considered the interplay between domestic and foreign activities when ruling on Vans' motion to compel and determined that there was enough evidence of orchestration for the burden of discovery into the Canadian sales to be proportionate to the needs of the case.  (Dkt. 180, 46:2–15).  As demonstrated in *M2 Software*, it is proper to deny a motion for reconsideration when the new law presented does not overturn the sole basis for the Court's original order.  *M2 Software*, 421 F.3d, at 1086.

Furthermore, even without discovery, the allegations as to Walmart's conduct already demonstrate that there was use in commerce of the infringing marks in the United States, which satisfies *Abitron*. (Dkt. 103, 93–95). ACI, an American company and Walmart's supplier, sold the infringing shoes to Walmart Canada in the United States.  Moreover, it appears this sale was orchestrated by Walmart, the US-based defendant in this case.  There is therefore a basis to permit discovery into the facts and circumstances surrounding the sale of these shoes.

Finally, the Court has broad discretion to determine the scope of discovery, and "the relevance standard is commonly recognized as one that is necessarily broad in

PLAINTIFFS' OPPOSITION TO WALMART'S MOTION SEEKING RECONSIDERATION OF ORDER

scope in order 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Edge Sys. LLC v. Ageless Serums LLC*, No. 220CV09669FLAPVCX, 2021 WL 4497505, at *6 (C.D. Cal. Aug. 20, 2021) (citing *Doherty v. Comenity Capital Bank & Comenity Bank*, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017) and *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Walmart and ACI's overall scheme to sell the infringing shoes is plainly at issue in this case, and Walmart and ACI should not be permitted to hide parts of that course of conduct.

Furthermore, it is undisputed that Walmart has control over Walmart Canada as its wholly owned subsidiary.  Precedent in the Ninth Circuit and in this District establishes that when a party has control over a non-party, the Court may order the party to produce documents held by the non-party, even if the non-party is a foreign entity.  *See generally United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents upon demand); *In re Citric Acid Litig.*, 191 F.3d 1090, 1106–07 (9th Cir. 1999) (stating that a motion to compel could be properly granted for the production of documents possessed by a foreign entity if a domestic entity under the court's jurisdiction has legal control over the documents); *Columbia Pictures Indus. v. Bunnell*, No. CV 06-1093FMCJCX, 2007 WL 2080419, at *6 (C.D. Cal. May 29, 2007) (finding that a party may be ordered to produce documents provided it "has actual possession, custody or control, or has the legal right to obtain the documents on demand"); *K-fee Sys. GmbH v. Nespresso USA, Inc.*, No. CV2103402GWAGRX, 2022 WL 2156036, at *2 (C.D. Cal. May 2, 2022) (analyzing the relationship between a domestic and a foreign entity to determine if the domestic entity had control over the foreign entity that would warrant ordering the domestic entity to produce the foreign entity's documents).  Vans alleges that Walmart Canada, facilitated and directed by Walmart, engaged in infringing uses in commerce in the United States by purchasing

infringing shoes from US company ACI, as part of a common scheme with Walmart, its US parent.  Allowing discovery into these facts is plainly within the scope of the Court's discretion, and does not, in any way, contradict the *Abitron* decision.

## IV.    CONCLUSION

Walmart's motion for reconsideration is improper because the new law presented by Walmart is not material to the Court's Order, is not the sole basis for the Court's Order, and does not present a basis for overturning the Court's Order. Walmart's motion should therefore be denied.

DATED: July 18, 2023                    MCGUIREWOODS LLP

                                    By:    */s/ Tanya L. Greene*
                                            Tanya L. Greene
                                            Lucy Jewett Wheatley
                                            Nicholas J. Hoffman
                                            Claire Hagan Eller

                                            Attorneys for Plaintiffs Vans, Inc.
                                            and VF Outdoor, LLC

PLAINTIFFS' OPPOSITION TO WALMART'S MOTION SEEKING RECONSIDERATION OF ORDER

## CERTIFICATE OF SERVICE

I hereby certify that on **July 18, 2023**, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **July 18, 2023**, at Los Angeles, California.

*/s/ Tanya L. Greene*
Tanya L. Greene
McGuireWoods LLP

PLAINTIFFS' OPPOSITION TO WALMART'S MOTION SEEKING RECONSIDERATION OF ORDER