UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANS, INC.; and VF OUTDOOR, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WALMART, INC.; THE DOLL MAKER, LLC; TRENDY TRADING, LLC; and ACI INTERNATIONAL, <br><br> Defendants. | Case No. 8:21-cv-01876 |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

This action, having come on for consideration upon the First Amended Complaint of Plaintiff, Vans, Inc. and VF Outdoor, LLC ("Vans"), is one for willful trademark infringement of Vans' registered trademarks and trade dress, unfair competition, and false designation of origin in violation of the Lanham Act, Cal. Bus. & Prof. § 17200, et seq., and common law against Walmart, Inc., ACI International, The Doll Maker, LLC and Trendy Trading LLC (collectively, "Defendants"). Vans and Defendants The Doll Maker, LLC and Trendy Trading LLC (collectively "TTDM Defendants") having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure with respect to claims against the TTDM Defendants only, and without trial, argument, or adjudication of any issue of fact or law, having consented to and stipulated to the entry of this Consent Judgment and Permanent Injunction under the terms provided herein:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. This Court has original jurisdiction over the subject matter of this action under the laws of the United States pursuant to 15 U.S.C. § 1121(a), as well as 28 U.S.C. § 1331 (Federal Question Jurisdiction); 28 U.S.C. § 1337(a) (Commerce Regulations); and 28 U.S.C. § 1338(b) (Trademark and Unfair Competition). This

Court has jurisdiction of all pendant state law claims pursuant to 28 U.S.C. § 1367(a) (Supplemental Jurisdiction) because all such claims are based upon the same or substantially the same conduct by the TTDM Defendants.

2. Vans is the owner of the following trademarks, among others:

| Mark | Reg. No. | Goods and Services |
|---|---|---|
| (shoe image) | 2,177,772 | Footwear |
| (shoe image) | 2,170,961 | Footwear |
| (shoe image) | 2,172,482 | Footwear |
| (wavy line image) | 4,442,122 | Clothing, namely, T-shirts, shirts, sweatshirts, pants, shorts, denims, sweater, jackets, [ belts, boxers, ] socks [, scarves, underwear and swimwear ]; Headgear, namely, hats, caps and beanies |
| (curved line image) | 2,206,796 | [ Men's, women's and children's clothing, namely, shirts, T-shirts, shorts, underwear, swim trunks, trousers, sweaters, jackets, coats, caps, hats, bandannas, vests, socks, ] footwear and snowboard boots |
| VANS SIDESTRIPE SESSIONS logo | 6,062,935 | Providing non-downloadable, online videos featuring music performances and exhibition of art |
| (checkerboard shoe image) | 1,583,727 | Shoes |
| (checkerboard slip-on image) | 5,070,471 | Footwear, namely, twin-gore slip-on shoes |
| (polka dot slip-on image) | 5,070,470 | Footwear, namely, twin-gore slip-on shoes |

2

| Mark | Reg. No. | Goods and Services |
|---|---|---|
|  | 4,792,837 | Socks |
|  | 5,888,832 | Apparel, namely, tops |
|  | 6,031,142 | Apparel, namely, bottoms |
| VANS "OFF THE WALL" | 6,168,135 | Footwear |
|  | 6,230,277 | Apparel, namely, tops |
| VANS | 6,248,317 | Apparel, namely, tops |
|  | 6,451,276 | Footwear |
|  | 5,320,384 | Footwear |
|  | 6,451,279 | Footwear |
|  | 6,436,779 | Footwear |

3. Vans is the owner of the following trade dresses, among others:
   a. The "OLD SKOOL Trade Dress" consisting of a distinctive combination of source-identifying elements, including:
      i. the Vans Side Stripe Mark on the shoe upper;
      ii. a rubberized sidewall with a consistent height around the perimeter of the shoe;
      iii. the uppermost portion of the sidewall having a three-tiered or grooved appearance;
      iv. a textured toe box outer around the front of the sidewall;
      v. visible stitching, including where the eyestay meets the vamp; and
      vi. the placement and proportion of these elements in relation to one another; all as depicted below:



*Vans OLD SKOOL*

   b. The "OLD SKOOL Toddler Trade Dress" consisting of a distinctive combination of source-identifying elements, including:
      i. the Vans Side Stripe Mark on the shoe upper;
      ii. a rubberized sidewall with a consistent height around the perimeter of the shoe;

4

  iii. the uppermost portion of the sidewall having a three-tiered or grooved appearance;

  iv. a textured toe box outer around the front of the sidewall;

  v. visible stitching; and

  vi. the placement and proportion of these elements in relation to one another; all as depicted below:



*Vans OLD SKOOL Toddler*

c. The "SK8-HI Trade Dress" consisting of a distinctive combination of source-identifying elements, including:

  i. the Vans Side Stripe Mark on the shoe upper;

  ii. a rubberized sidewall with a consistent height around the perimeter of the shoe;

  iii. the uppermost portion of the sidewall having a three-tiered or grooved appearance;

  iv. a textured toe box outer around the front of the sidewall;

  v. a ribbed collar formation that encircles the uppermost part of the shoe;

  vi. visible stitching, including separating the individual ankle collar corrugations; and

vii. the placement and proportion of these elements in relation to one another; all as depicted below:



*Vans SK8-HI*

d. The "SK8-MID Toddler Trade Dress" consisting of a distinctive combination of source-identifying elements, including:

i. the Vans Side Stripe Mark on the shoe upper;

ii. a rubberized sidewall with a consistent height around the perimeter of the shoe;

iii. the uppermost portion of the sidewall having a three-tiered or grooved appearance;

iv. a textured toe box outer around the front of the sidewall;

v. a ribbed collar formation that encircles the uppermost part of the shoe;

vi. visible stitching, including separating the individual ankle collar corrugations; and

vii. the placement and proportion of these elements in relation to one another; all as depicted below:

*Vans SK8-MID Toddler*

e. The "Checkerboard Slip-On Trade Dress" consisting of a distinctive combination of source-identifying elements, including:

    i. checkerboard pattern on the upper portion of a twin-gore slip-on shoe, including on the vamp;

    ii. a rubberized sidewall with a consistent height around the perimeter of the shoe;

    iii. the uppermost portion of the sidewall having a three-tiered or grooved appearance;

    iv. a textured toe box outer around the front of the sidewall; and

    v. the placement and proportion of these elements in relation to one another; all as depicted below:

///

7

*Vans Checkerboard Slip-On shoes*

4. As a result of its long use and promotion of the trademarks identified in Paragraph 2 above and the trade dresses identified in Paragraph 3 above (collectively, "Vans' Marks"), Vans has established these trademarks as famous and having secondary meaning among actual and target purchasers as well as among members of the public.

5. The TTDM Defendants acknowledge and agree as to the existence and validity in the United States of the trademark and trade dress rights described in Paragraphs 2-3 above, and the ownership thereof by Vans.

6. The TTDM Defendants admit that they have used infringing versions of the Vans' Marks as pictured in the attached Exhibit A.

7. The TTDM Defendants admit that they sold the infringing shoes pictured in Exhibit A on Walmart.com and Amazon.com.

8. The TTDM Defendants agree that the use of the Vans' Marks as pictured in the attached Exhibit A constitutes trademark infringement pursuant to 15 U.S.C. §

8

1114, trade dress infringement and unfair competition pursuant to 15 U.S.C. § 1125, and unfair competition under Cal. Bus. & Prof. § 17200, et seq. and California law.

9. Judgment is entered for Vans on all of its claims against the TTDM Defendants.

10. The TTDM Defendants, their agents, servants, employees, principals, attorneys, and all others in active concert or participation with any of them, are permanently enjoined and restrained from:

    a. using, registering, or attempting to register any of the Vans Marks, alone or in conjunction with other elements, or any designation or trade dress that is confusingly similar thereto, on products including but not limited to those pictured in Exhibit A hereto, packaging, labels, signs, literature, display cards, Internet websites, in domains, on social media, in hashtags, or on or with other packaging, advertising, or promotional materials, or other materials;

    b. using any checkerboard design in connection with sneakers, skate shoes, apparel or accessories;

    c. from making any statements on promotional materials or advertising for its goods or services that are false or misleading as to source or origin or affiliation with, sponsorship by, or connection to Vans; and

    d. from doing any other act or thing likely to confuse, mislead, or deceive others into believing that the TTDM Defendants or its goods emanate from, or are affiliated or connected with, or sponsored or approved by, Vans.

11. Within thirty (30) days after the service of notice of entry of judgment or issuance of an injunction pursuant thereto, the TTDM Defendants shall file with the Court and serve upon Vans' counsel a written report under oath setting forth details of the manner in which the TTDM Defendants have complied with the Court's order pursuant to subparagraphs (a) through (d) in Paragraph 10 above.

12. The Parties have agreed upon a settlement amount as set forth in a separate Settlement Agreement executed by Vans and the TTDM Defendants ("Settlement Agreement") and submitted to the Court under seal. Vans is awarded $0 in damages against the TTDM Defendants on its First Amended Complaint.

13. Except as expressly provided in Paragraph 14 below, Vans and the TTDM Defendants shall be solely responsible for their respective legal expenses and costs in connection with the above-entitled action against the TTDM Defendants and this Consent Judgment and Permanent Injunction.

14. The TTDM Defendants acknowledge that a breach of this Consent Judgment and Permanent Injunction by the TTDM Defendants would result in irreparable injury to Vans, and that in the event of a continuing breach after notice is given by Vans and expiration of the cure period as provided in the Settlement Agreement, Vans would be entitled to immediate injunctive relief to enforce this Consent Judgment and Permanent Injunction, damages, and to reimbursement of its reasonable attorneys' fees and costs arising from bringing an action against the TTDM Defendants and enforcement of this Consent Judgment and Permanent Injunction.

15. Jurisdiction is retained by this Court over the TTDM Defendants for the purpose of enabling Vans to apply to the court in the future for such further orders and directions as may be necessary or appropriate for the enforcement of the terms of this Consent Judgment and Permanent Injunction, as well as to enforce the terms of a separate Settlement Agreement entered into between Vans and the TTDM Defendants with respect to the subject matter of this action.

16. The parties hereby consent to the entry of the foregoing Consent Judgment and Permanent Injunction and waive any and all rights of appeal.

*(Signatures Appear On Following Page)*

| Vans, Inc. | Trendy Trading LLC |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Print Name: Christine Hernandez | Print Name: Tamer Hassan |
| Title: Vice President | Title: President |
| Date: Aug. 31, 2023 | Date: 08/31/2023 |

| VF Outdoor, LLC | The Doll Maker, LLC |
|---|---|
| By: *[DocuSigned by: N. Varathan, FFD25193D200414...]* | By: *[signature]* |
| Print Name: Naren Varathan | Print Name: Weijie Gan |
| Title: Global CFO | Title: President |
| Date: September 5, 2023 | Date: 8.31.2023 |

11

# Exhibit A to the Consent Judgment and Permanent Injunction



"Doll Maker" Slip-On Shoe

"Doll Maker" Skate Shoe

**ORDER**

Based on the foregoing stipulation, and there being no just reason for delay, the Clerk of this Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Consent Judgment and Permanent Injunction forthwith.

SO ORDERED this __12th__ of __September__, 2023.

_____
Honorable David O. Carter
U.S. District Court Judge
Central District of California