Tanya L. Greene (Cal. Bar No. 267975)
  tgreene@mcguirewoods.com
Nicholas J. Hoffman (Cal. Bar No. 284472)
  nhoffman@mcguirewoods.com
McGUIREWOODS LLP
355 South Grand Ave., Suite 4200
Los Angeles, CA  90071-3103
Telephone: (213) 627-2268
Facsimile: (213) 627-2579

Lucy Jewett Wheatley (admitted *Pro Hac Vice*)
  lwheatley@mcguirewoods.com
Claire Hagan Eller (admitted *Pro Hac Vice*)
  celler@mcguirewoods.com
McGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-4320
Facsimile: (804) 698-2017

Attorneys for Plaintiffs Vans, Inc. and VF Outdoor, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANS, INC.; and VF OUTDOOR, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART, INC. and ACI INTERNATIONAL,<br><br>Defendants. | Case No. 8:21-cv-01876-DOC-KES<br>Hon David O. Carter<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO BIFURCATE THE LEGAL AND EQUITABLE ISSUES**<br><br>Date:  November 6, 2023<br>Time:  8:30 AM<br>Court:  10A<br><br>First Am. Complaint Filed:  11/8/2022 |

PLAINTIFFS' BRIEF IN SUPPORT OF THE MOTION TO BIFURCATE THE LEGAL AND EQUITABLE ISSUES

## I. INTRODUCTION

In this Motion, Plaintiffs Vans, Inc. and VF Outdoor, LLC (collectively, "Vans") seek to bifurcate the legal and equitable issues in this trademark infringement action and have the equitable issues heard by the Court following the November 28, 2023 jury trial on the legal issues. While the parties have each requested a jury trial on all claims or issues "so triable,"[1] there is no right to a jury trial on equitable claims or defenses. Accordingly, only the legal issues should be determined by the jury. Here, those legal issues involve whether Defendants ACI International ("ACI") and Walmart, Inc. ("Walmart") (collectively, ACI and Walmart are referred to as the "Defendants") infringed upon Vans' trademarks and trade dresses and Vans' actual damages from such infringement. The jury should not determine equitable issues and defenses. These include the equitable remedies sought by Vans—disgorgement of Defendants' profits, treble damages, attorneys' fees, and injunctive relief (and any finding on willfulness associated therewith)—and Defendants' defenses to these equitable remedies, including their alleged lack of willfulness and Defendants' advice of counsel defense,[2] which goes to willfulness, not infringement.

Pursuant to Rule 42(b), the Court has broad discretion to bifurcate issues for trial "[f]or convenience, to avoid prejudice, or to expedite and economize…." Courts routinely bifurcate legal and equitable issues. Here, bifurcating the legal and equitable issues and having the Court hear the equitable issues following a jury trial on the legal issues will streamline and simplify the issues for the jury, reduce the risk of confusion

---

[1] *See* Dkt. No. 103, 117, and 120.

[2] Vans contends that Defendants' advice of counsel should be excluded entirely, for the reasons set forth in its Motion in Limine No. 10 Regarding Defendants' Advice of Counsel Defenses. In the event that the Court denies Vans' Motion in Limine No. 10, however, such evidence should only be presented to the Court with the equitable issues.

1

PLAINTIFFS' BRIEF IN SUPPORT OF THE MOTION TO BIFURCATE AND
FOR BENCH TRIAL ON EQUITABLE ISSUES

by the jury, and avoid unfair prejudice to Vans. First, removing the equitable issues from consideration by the jury would streamline the trial considerably, as it would shorten or eliminate the testimony of multiple witnesses, including damages experts, on the equitable remedies and defenses, thereby reducing the time the jury would have to sit for trial *by days or even a week*. Second, bifurcating the legal and equitable issues will reduce the risk of the jury being confused and/or misled by evidence that is not relevant to the legal issues, namely, infringement and actual damages. In particular, testimony and evidence regarding Defendants' hired counsel's conclusion that there was not a likelihood of confusion—which only goes to willfulness, not infringement—will mislead the jury on what should be its independent liability determination. Finally, bifurcating the legal and equitable issues will prevent unfair prejudice to Vans from the jury being improperly influenced by testimony on the equitable issues, particularly that of Defendants' lawyers in connection with their advice of counsel defense. For all these reasons, the Court should exercise its discretion and bifurcate the legal and equitable issues in this case.

## II.  STANDARD

Pursuant to Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial or one or more separate issues, claims, crossclaims, or third-party claims." Fed. R. Civ. P. 42(b). The court, however, "must preserve any federal right to a jury trial." *Id.* "The decision to bifurcate and the manner in which it is carried out lies in the sound discretion of the district court." *Dion v. VP Racing Fuels, Inc.*, No. 19-5154-MWF, 2022 U.S. Dist. LEXIS 235766, at *4 (C.D. Cal. Nov. 2, 2022) (citing *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir. 2013)).

## III. ARGUMENT

### A. Equitable Issues Are Decided By the Court, Not the Jury.

Under Rule 38, when a party includes a jury demand in its initial pleading, it is "considered to have demanded a jury trial on all the issues so triable." Fed. R. Civ. P. 38(c). Under Rule 39(a), when a jury demand has been made, "[t]he trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). "The plain language of Rule 39 requires [the latter] exception because it provides that a court may order a bench trial if it "finds that on some or all of the issues there is no federal right to a jury trial." *Ross Dress for Less, Inc. v. Makarios-Oregon, LLC*, 39 F.4th 1113, 1120 (9th Cir. 2022).

Further, the Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. Whether there is a right to a jury trial on an issue or claim turns on whether the claims were historically cognizable at law in the late 18th century or heard by courts of equity. *Granfinanciera v. Nordberg*, 42 U.S. 33, 42 (1989). "To determine whether a jury right exists on each of these causes of action, [courts] look first to whether that action is analogous to one that was heard in English law courts 'prior to the merger of the courts of law and equity,' and second [courts] 'examine the remedy sought and determine whether it is legal or equitable in nature.'" *Teutscher v. Woodson*, 835 F.3d 936, 943 (9th Cir. 2016) (quoting *Tull v. United States*, 481 U.S. at 417-18)).

There is no right to a jury trial on equitable claims or defenses. *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 173 (9th Cir. 1989). "[W]here there are issues common to both the equitable and legal claims, 'the legal claims involved

3

in the action must be determined prior to any final court determination of [the] equitable claims." *Id.* at 170 (quoting *Dairy Queen. Inc. v. Wood*, 369 U.S. 469, 479 (1962)).

### B. There Are Equitable Issues In This Case That Are For the Court To Decide, Not the Jury.

There are equitable issues in this case that must be decided by the Court. These include certain remedies sought by Vans and Defendants' defenses to those remedies. The Ninth Circuit has determined that the disgorgement of profits under the Lanham Act is equitable, not legal.[3] *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A, Inc.* 778 F.3d 1059, 1075 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 410 (2015) ("[T]he determination of profits under § 1117 is not 'fundamental,…inherent in and of the essence of the system of trial by jury.'"). As such, there is no right to a jury trial for disgorgement. *See, e.g., MGA Entm't, Inc. v. Harris*, No. 20-cv-11548, 2022 U.S. Dist. LEXIS 184410, at *51 (C.D. Cal. July 29, 2022) (stating counterclaimants were not entitled to a jury decision on disgorgement); *Synoptek, LLC v. Synaptek Corp.*, No. 16-01838-CJC, 2018 U.S. Dist. LEXIS 116722, at *33-34 (C.D. Cal. June 4, 2018) (stating that "while factual disputes remain regarding the disgorgement of Synaptek's profits, Synaptek is not entitled to have those issues decided by a jury"); *Morton & Bassett, LLC v. Organic Spices, Inc.*, No. 15-cv-01849, 2017 U.S. Dist. LEXIS 142315, at *12 (N.D. Cal. Sept. 1, 2017) (stating the Court would not submit the issue of willfulness to the jury, "given that the Court may determine the appropriateness of disgorgement of profits under § 1117(a) following a jury finding of infringement under § 1125(a)").

---

[3] Walmart has admitted that accounting for profits (i.e., disgorgement) is an equitable remedy. *See* Dkt. No. 299 at p. 32.

Vans' request for attorney's fees is also an equitable remedy. *Finato v. Fink*, 803 Fed. App'x 84, 89 (9th Cir. 2020); *see also Vital Pharms. v. PHD Mktg.,* No. 20-06745-RSWL, 2022 U.S. Dist. LEXIS 133012, at *8 (C.D. Cal. July 26, 2022) (including attorney's fees under the Lanham Act among equitable remedies); *AFAV Indus. Servs. v. Pac-West Distrib. NV LLC*, No. 19-0566, 2023 U.S. Dist. LEXIS 189966, at *15 (E.D. Pa. Oct. 23, 2023). Similarly, treble damages are an equitable remedy to be awarded by the Court. See 15 U.S.C. § 1117(a). And "[i]t goes without saying that an injunction is an equitable remedy." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). Thus, these remedies are to be determined by the Court, not the jury. This is true even when, as here, the parties demanded a jury trial, because there is no federal right to jury trial on equitable issues. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. 12-00329 AG, 2014 U.S. Dist. LEXIS 200348, at *5 (C.D. Cal. Dec. 16, 2014).

Defendants' defenses that are inextricably intertwined with these equitable remedies must also be determined by the Court. This includes Defendants' defenses that they did not willfully infringe on Vans' trademarks and trade dress and that they relied on the advice of counsel, as these defenses are not relevant to the legal issues of infringement and actual damages. Rather, they go to the separate issue of willfulness. *Poquito Mas Licensing Corp. v. Taco Bell Corp.*, No. 13-1933-DOC, 2014 U.S. Dist. LEXIS 199502, at *9 (C.D. Cal. Dec. 4, 2014) ("In trademark law, a defendant's reliance on the advice of counsel is relevant to the question of willfulness."); *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1208 (9th Cir. 2000) (court refused to consider evidence that Disney acted with an innocent intent because "even if we did and concluded that Disney was as innocent as a fawn with no intent to copy or appropriate GoTo's logo, it would prove nothing since no such intent is necessary to demonstrate a likelihood of confusion. We need inquire no further into Disney's

intent."); *see* 4 McCarthy on Trademarks and Unfair Competition § 23:124 (5th ed.) ("While the accused infringer's bad faith intent to cause confusion is admitted as evidence of liability, evidence of good faith is not a defense to liability.").

Willfulness is a different inquiry than the merits of infringement which is determined by the jury. *See MGA Entm't, Inc.*, No. 20-cv-11548, 2022 U.S. Dist. LEXIS 184410, at *49 ("The merits of the infringement claim are not identical to willfulness inquiry: a jury could find that Counter-Defendants infringed upon the OMG Girlz trade dress even if Counterclaimants fail to provide sufficient evidence to show that Counter-Defendants were willful in their actions, which is a higher bar to meet."). Unlike the willfulness determination, the *Sleekcraft* factor of intent is <u>not</u> directed to the defendant's state of mind, as the defendant's state of mind has no bearing on whether or not consumers are likely to be confused (which is what the *Sleekcraft* factors address), and trademark infringement is a strict liability tort. *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073-74 (C.D. Cal. 2004) (noting that while intentional infringement may lead to enhanced damages, Lanham Act violations are strict liability).

Instead, the relevant "intent" determination for purposes of determining likelihood of confusion is whether Defendants intended to use the Vans' trademarks and trade dress and derive benefit from Vans' reputation, not whether Defendants thought doing so was lawful. *See* Model Civ. Jury Instr. 9th Cir. 15.18 (2023) ("Defendant's Intent. Knowing use by defendant of the plaintiff's trademark to identify similar goods may strongly show an intent to derive benefit from the reputation of the plaintiff's mark, suggesting an intent to cause a likelihood of confusion."). As such, the determination on willfulness and the related advice of counsel defense—which Defendants offer to negate willfulness—are properly heard by the Court with the equitable remedies, particularly disgorgement. *See id.* at *51-52 (bifurcating equitable

remedy of disgorgement and deferring on motions relating to willfulness, stating that "[i]f the jury finds that Counter-Defendants are liable for infringement, the Court will take up this equitable issue at the end of trial"); *see also Vital Pharms.,* No. 20-06745-RSWL, 2022 U.S. Dist. LEXIS 133012, at *8 (stating that district courts should consider mental state—i.e., willfulness—in determining disgorgement). Thus, any advice of counsel that Walmart or ACI received has no bearing on liability because it has no impact on whether or not consumers are likely to be confused, and therefore allowing the jury to base its decision on infringement on advice of counsel would be a clear error.

Since Vans prepared this motion, Defendants have advised that they agree to bifurcation of all equitable issues but the advice of counsel defense. Defendants' position betrays that they are trying to use the advice of counsel defense to improperly influence the jury on infringement, even though trademark infringement is a strict liability tort to which Defendants' belief regarding the lawfulness of their conduct is irrelevant. Indeed, Defendants' incongruous position that willfulness is an *equitable* issue to be decided by Court yet the advice of counsel defense—which can be offered to negate willfulness—is for the jury smacks of gamesmanship which this Court should not tolerate. Quite simply, the Court should not allow Defendants to pick and choose what equitable issues they believe will benefit them in front of the jury.

    **C.**    **The Court Should Exercise Its Broad Discretion and Bifurcate Legal and Equitable Issues.**

Pursuant to Rule 42, the Court has broad discretion to bifurcate a trial. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). In determining whether to bifurcate the legal and equitable issues, the Court can consider the following factors: (1) convenience; (2) prejudice; (3) judicial economy; (4) simplification of issues for the jury; (5) reducing risk of confusion; and (6) separable issues. *See Rimini St., Inc.*

*v. Oracle Int'l Corp.*, No. 14-cv-01699, 2021 U.S. Dist. LEXIS 167705, at *20 (D. Nev. Sept. 2, 2021).

As this Court has observed, "courts routinely bifurcate the legal and equitable issues at trial where the issues are divisible and evidence submitted in support of the equitable issues would be unfairly prejudicial." *Classical Silk, Inc. v. Dolan Group, Inc.*, No. 14-09224-AB, 2016 U.S. Dist. LEXIS 193774, at *12 (C.D. Cal. Mar. 21, 2016). This Court and others in the Ninth Circuit have previously bifurcated legal and equitable issues. *See, e.g., Dollar Systems, Inc.,* 890 F.2d at 170 (affirming bifurcation of legal and equitable issues); *MGA Entm't*, No. 20-cv-11548, 2022 U.S. Dist. LEXIS 184410, at *51 (bifurcating disgorgement remedy from liability and actual damages under the Lanham Act); *Unidisc Music, Inc. v. Shelby*, No. 17-cv-04287, 2019 U.S. Dist. LEXIS 153864, at *21 (C.D. Cal. Mar. 19, 2019) (bifurcating legal and equitable claims); *Classical Silk*, No. 14-09224-AB, 2016 U.S. Dist. LEXIS 193774, at *12 (bifurcating liability and damages from defendants' equitable affirmative defenses); *G.K. Las Vegas v. Simon Prop. Group,* No. 04-1199, 2009 U.S. Dist. LEXIS 150411, at *14-16 (D. Nev. Oct. 5, 2009) (bifurcating legal and equitable claims). The Court should exercise its broad discretion here and bifurcate the legal and equitable issues because it will promote judicial economy, simplify the issues for the jury and reduce the risk of confusion, and avoid unfair prejudice to Vans.

1. <u>Bifurcating the Legal and Equitable Issues Will Promote Judicial Economy</u>.

Bifurcating the legal and equitable issues will clearly promote judicial economy and reduce the burden on the jury. Without bifurcation, Vans estimates that the trial in this action will take approximately 16-21 trial days. A significant portion of that would be taken up with disgorgement and apportionment (on which three separate experts are expected to testify) and advice of counsel (on which Walmart and ACI

intend to call 2-3 outside counsel, and 2 in-house counsel, and introduce over 20 legal opinion letters). If the equitable issues are bifurcated, Vans estimates that trial would only take approximately 10-14 trial days. There would be fewer witnesses that would need to testify before the jury. Vans' damages expert on Defendants' profits, Lindsey Fisher, would not need to testify before the jury, and Defendants' damages experts, Brian Buss and Abel Teshome, would only need to testify to the jury about Vans' actual damages (which is a considerably smaller portion of their expert reports), reserving their testimony on Defendants' profits for the Court to determine disgorgement. Further, multiple witnesses on Defendants' advice of counsel defense, including Lori Shyavitz, Danica Acosta, Anna Liau, and two Arent Fox witnesses (Elizabeth Cohen and Rich La Cava),[4] would not need to testify before the jury, or their testimony would be substantially reduced.

By way of example, playing the deposition testimony designated by the parties of just one of the Defendants' advice of counsel witnesses, Ms. Shyavitz, would take approximately *four-and-a-half hours* based on the parties' current deposition designations. With multiple witnesses, testimony on the advice of counsel defense alone could take several days. Testimony by witnesses on Defendants' profits for disgorgement would be similarly time-consuming. Presenting such time-consuming testimony and numerous exhibits to the jury regarding equitable issues and the related defenses when the jury's verdict on these issues is at most advisory would be a waste of the jury's time. The Court should avoid this result and bifurcate the legal and equitable issues. *See, e.g., Strategic Partners, Inc. v. FIGS,* No. 2:19-cv-02286-JWH-KS, 2022 U.S. Dist. LEXIS 218923, at *8 (C.D. Cal. Sept. 26, 2022) ("Reserving the

---

[4] Vans has sought to exclude these witnesses in its Motions in Limine Nos. 1 and 2 but includes them here in the event those motions are denied and these witnesses are permitted to testify.

9
PLAINTIFFS' BRIEF IN SUPPORT OF THE MOTION TO BIFURCATE AND FOR BENCH TRIAL ON EQUITABLE ISSUES

consideration of equitable remedies until after the jury's verdict will preserve both the Court and the jury's time…."); *Rimini St.*, No. 14-cv-01699, 2021 U.S. Dist. LEXIS 167705, at *22 (bifurcating legal and equitable issues because, *inter alia*, "asking jurors to sit through presentation of evidence and argument on issues they will not be asked to decide, especially when that could extend the trial up to two weeks, is not an efficient use of their time or the Court's resources").

### 2. Bifurcating the Legal and Equitable Issues Will Reduce the Risk of the Jury Being Confused and/or Misled.

Moreover, presenting testimony and evidence on equitable issues would confuse and/or mislead the jury and could improperly influence the jury's determination on the legal issues, such as infringement. For example, on Defendants' advice of counsel defense—which is only relevant to willfulness and Vans' equitable remedies—there will be a trial within a trial. "Before considering the exculpatory value of an opinion of counsel, however, 'the legal advice contained therein must be found on the totality of the circumstances to be competent such that the client was reasonable in relying upon it.'" *Poquito Mas Licensing Corp.*, No. 13-1933-DOC, 2014 U.S. Dist. LEXIS 199502, at *9 (quoting *adidas-Am. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1047 (D. Ore. 2008)). Thus, for a determination to be made on the "totality of the circumstances," testimony and evidence will be presented on, *inter alia*, the information provided to and considered by Defendants' attorneys in rendering their advice, whether such advice was competent, the timing of such advice, and whether the Defendants actually relied on the advice before proceeding with the product designs. In addition to being time-consuming, this testimony will be confusing and has a strong potential to mislead the jury on liability issues. Indeed, the jury could be misled by Defendants' counsel's conclusion that there was not a likelihood of confusion and find no infringement by Defendants, even though the advice of counsel

defense is only relevant to willfulness. *See JIPC Mgmt., Inc. v. Incredible Pizza Co.*, No. CV 08-04310, 2009 U.S. Dist. LEXIS 133019, at *72 (C.D. Cal. July 14, 2009) (bifurcating unclean hands defense from trial on liability because the defense placed "both parties' good or bad faith at issue in ways that are not relevant to a finding of liability for trademark infringement" and "[p]resenting evidence on these issues would pose a risk of prejudice and confuse the jury"). As the District of Nevada found, "[l]imiting evidence and argument to that which is squarely before the jury will therefore limit any potential confusion and allow the jurors to decide the issues before it more readily." *Rimini St.*, No. 14-cv-01699, 2021 U.S. Dist. LEXIS 167705, at *23. This Court should do so here.

### 3. Vans Will Suffer Unfair Prejudice If the Equitable Issues Are Not Bifurcated.

If the Court declines to bifurcate the legal and equitable issues and the jury is permitted to hear evidence on equitable issues, particularly the advice of counsel defense, Vans will suffer unfair prejudice. As this Court previously observed, "courts routinely bifurcate the legal and equitable issues at trial where the issues are divisible and evidence submitted in support of the equitable issues would be unfairly prejudicial." *Classical Silk*, No. 14-09224-AB, 2016 U.S. Dist. LEXIS 193774, at *12.

Here, allowing the Defendants to present testimony and evidence to the jury that their attorneys previously concluded that there was no likelihood of confusion between the infringing shoes and Vans' shoes would be highly prejudicial to Vans on infringement, when such advice is only relevant to the separate issue of willfulness and the Court's determination of certain equitable remedies. Even with proper instructions, the jury cannot be expected to separate the Defendants' counsel's advice on the likelihood of confusion from the jury's own determination on likelihood of confusion for liability purposes. A lay juror would be likely to merely adopt the

conclusion of Defendants' attorneys. Accordingly, it is highly likely that the presentation of such evidence to the jury will lead to finding of no infringement, resulting in unfair prejudice to Vans.

This Court and others have bifurcated legal and equitable issues to avoid such prejudice. *See, e.g., Strategic Partners, Inc.,* No. 2:19-cv-02286-JWH-KS, 2022 U.S. Dist. LEXIS 218923, at *8 (bifurcating equitable remedies to "obviate the danger of the jury conflating its lost profit award (if any) with disgorgement of [defendant's] profits"); *Rimini St.*, No. 14-cv-01699, 2021 U.S. Dist. LEXIS 167705, at *23 (bifurcating to avoid undue prejudice); *Classical Silk*, No. 14-09224-AB, 2016 U.S. Dist. LEXIS 193774, at *12 (holding that "bifurcation of Defendants' equitable affirmative defenses is appropriate to avoid unfair prejudice to Plaintiff"). This Court should reach the same result.

### D.  The Equitable Issues Should Be Heard By the Court After the Jury Trial.

Assuming a finding of liability, the equitable issues should be heard by the Court following a jury trial on the liability issues. This will preserve the right to a jury trial on the legal issues. "[W]here there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims." *Dollar Sys.*, 890 F.3d at 170 (quoting *Dairy Queen v. Wood*, 369 U.S. 469, 479 (1962)). This Court has previously reserved equitable issues until after a jury's verdict. *See, e.g., Strategic Partners,* No. 2:19-cv-02286-JWH-KS, 2022 U.S. Dist. LEXIS 218923, at *8-9 (reserving the consideration of equitable remedies until after the jury's verdict); *Globefill Inc. v. Elements Spirits, Inc.,* No. 10-cv-02034-CBM, Dkt. No. 461 (C.D. Cal.) (determining that the trade dress infringement claim under 15 U.S.C. § 1125(a) would be first tried to a jury and then the Court would determine the amount of profits to be disgorged, if any); *G.K.*

*Las Vegas,* No. 04-1199, 2009 U.S. Dist. LEXIS 150411, at *14-16 (bifurcating legal and equitable claims, with a "jury trial first, prior to the Court's determination of any remaining equitable claims").

### E. There Is No Need for An Advisory Jury.

While courts have sometimes impaneled an advisory jury on equitable issues, there is no reason to do so here. As set forth above, presenting such evidence to the jury will only prolong the proceedings and confuse the jury, causing prejudice to Vans. Accordingly, the Court should not impanel an advisory jury on the equitable issues in this case. *See, e.g., Freeman v. U.S. Bank, N.A.*, No. 10-CV-01544, 2014 U.S. Dist. LEXIS 32311, at *11-12 (W.D. Wash. Mar. 12, 2014) (declining to impanel an advisory jury because it would "burden both the Court and parties as well as burden potential jurors by requiring them to commit time and resources to sit on a jury where their ultimate factual determinations may not matter"); *G.K. Las Vegas,* No. 04-1199, 2009 U.S. Dist. LEXIS 150411, at *15 (declining to impanel an advisory jury with respect to the equitable claims because the court "[could] ascertain no benefit from doing so"). In the event that the Court asks the jury to render an opinion on any equitable issues, including the advice of counsel defense, this should only be done after a determination on liability.

### IV. CONCLUSION

For the foregoing reasons, Vans respectfully requests that the Court grant this Motion and bifurcate the legal and equitable issues, with the issues being tried in the following order: *first*, a jury trial on liability and actual damages and, *second*, a bench trial or evidentiary hearing on the equitable issues, including the equitable remedies of disgorgement of Defendants' profits, treble damages and willfulness, attorneys' fees, injunctive relief, and Defendants' defenses of lack of willfulness and the advice of counsel.

DATED: October 26, 2023  McGUIREWOODS LLP

By:   */s/ Tanya L. Greene*
Tanya L. Greene
Lucy Jewett Wheatley
Nicholas J. Hoffman
Claire Hagan Eller

Attorneys for Plaintiffs
Vans, Inc. and VF Outdoor, LLC

14
PLAINTIFFS' BRIEF IN SUPPORT OF THE MOTION TO BIFURCATE AND FOR BENCH TRIAL ON EQUITABLE ISSUES

## CERTIFICATE OF SERVICE

I hereby certify that on **October 26, 2023**, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **October 26, 2023**, at Los Angeles, California.

                                                  */s/ Tanya L. Greene*
                                                  Tanya L. Greene
                                                  McGUIREWOODS LLP